# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH PROUT, | : | No. 3:12cv1901 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | :(Chief Magistrate Judge Carlson) | |
| | : | |
| TREVOR WINGARD, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| | : | No. 3:12cv2471 |
| JOSEPH PROUT, | : | |
| Petitioner | : | (Judge Munley) |
| | :(Chief Magistrate Judge Carlson) | |
| v. | : | |
| | : | |
| TREVOR WINGARD, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Chief Magistrate Judge Martin C. Carlson's report and recommendation that the above-captioned habeas corpus petitions be dismissed. Petitioner Joseph Prout has filed objections to the report and recommendation, and they are ripe for disposition.

## **Background**

Petitioner was convicted in Pennsylvania state court for offenses involving forgery in May 2012. (Doc. 1 ¶¶ 1-5 in No. 3:12cv1901 and Doc. 1 ¶¶ 1-5 in No. 3:12cv2471). Petitioner filed the two instant habeas corpus petitions pursuant to 28 U.S.C. § 2254 regarding this conviction.

Magistrate Judge Carlson suggests that the petitions should be dismissed for failure to exhaust state court remedies. Petitioner has filed objections to the report and recommendation, bringing the case to its present posture.

**Jurisdiction**

We have jurisdiction pursuant to 28 U.S.C. § 2241, which provides that "[w]rits of habeas corpus may be granted by the . . . district courts . . . ." See also 28 U.S.C. § 1331("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Petitioner seeks a writ of habeas corpus regarding his state court conviction. Before filing a petition for a writ of habeas corpus under 28

U.S.C. § 2254, a state court prisoner must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To exhaust his claims, a petitioner must fairly present them to the highest state court. <u>Lines v. Larkins</u>, 208 F.3d 153, 160 (3d Cir. 2000). "The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed rights." <u>Caswell v. Ryan</u>, 953 F.2d 853, 856 (3d Cir.1992). The petitioner bears the burden of establishing exhaustion of his state court remedies. <u>Id.</u>

The law further provides that "[i]f it appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254.

Here, it can be determined from the face of the petitions that state court remedies have not been exhausted. Petitioner states that he has appealed his conviction to the Pennsylvania Superior Court, and the appeal is still pending. (Doc. 1, ¶ 9, No. 3:12cv2471). As petitioner's

3

appeal has not been completed, he has not exhausted his state court remedies and the instant petitions for a writ of habeas corpus are premature. We will thus adopt Magistrate Judge Carlson's report and recommendation and dismiss these two petitions.[1] An appropriate order follows.[2]

---

[1] Our dismissal will be "without prejudice" because we are dismissing for a failure to exhaust state court remedies. If the petitioner at some point does exhaust his state court remedies, it might then be appropriate for him to file a section 2254 motion.

[2] Petitioner's objections to the report and recommendation do not provide a reasoned argument to counter the Magistrate Judge's analysis. He merely claims, without citation to any legal authority, that the exhaustion rule is a general rule and not an invariable command. He further states that exhaustion is not required if such exhaustion would be futile or inadequate. He makes no cogent argument that exhaustion is futile or inadequate in the cases at bar. The remainder of his brief is not legally sound. He discusses contract law and Pennsylvania constitutional law. He concludes that Pennsylvania has no constitutional authority to enact a criminal code. Such arguments are without merit.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PROUT,<br>　　　Petitioner<br><br>　v.<br><br>TREVOR WINGARD,<br>　　　Respondent | No. 3:12cv1901<br><br>(Judge Munley)<br>(Chief Magistrate Judge Carlson) |

| | |
|---|---|
| JOSEPH PROUT,<br>　　　Petitioner<br><br>　v.<br><br>TREVOR WINGARD,<br>　　　Respondent | No. 3:12cv2471<br><br>(Judge Munley)<br>(Chief Magistrate Judge Carlson) |

## ORDER

**AND NOW**, to wit, this 20th day of May 2013, it is hereby **ORDERED** as follows:

1) Chief Magistrate Judge Carlson's reports and recommendations (Doc. 8 in No. 3:12cv1901 and Doc. 6 in No. 3:12cv2471) are hereby **ADOPTED**;

2) Petitioner's objections (Doc. 11 in No. 3:12cv1901 and Doc. 9 in No. 3:12cv2471) are hereby **DENIED**; and

3) The petitions for writ of habeas corpus pursuant to 28 U.S.C. §

2254 (Doc. 1 in both cases) are hereby **DISMISSED** without prejudice;

4) The court declines to issue a certificate of appealability in either case; and

5) The Clerk of Court is directed to close these cases.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**